## TEXAS MEXICAN RY. CO. v. WILSON.

(Court of Civil Appeals of Texas. April 5, 1911.)

1. CARRIERS (§ 280*)—DUTY OF CARRIER—PASSENGERS—MIXED TRAINS.

As a rule a railroad company carrying passengers on a mixed train must exercise the same high degree of care for the passengers' safety as when carrying them on ordinary passenger trains, and must use the highest practical degree of care consistent with the operation of mixed trains, and failure to do so is negligence, making the company liable.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1098; Dec. Dig. § 280.*]

2. CARRIERS (§ 330*)—PASSENGERS—INJURIES—CONTRIBUTORY NEGLIGENCE.

In determining the question of contributory negligence, in an action for injuries to a passenger by having a door slam on his hand, the nature of the train as a mixed freight and passenger train, and its mode of operation, must be considered.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 330.*]

3. CARRIERS (§ 330*)—PASSENGERS—INJURIES—NEGLIGENCE.

A passenger riding on a mixed train does not assume any risk because of the company's failure to exercise the highest degree of care consistent with the operation of the train for his protection, only assuming such dangers as exist after such care has been exercised.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 330.*]

4. CARRIERS (§§ 320, 347*)—INJURIES—PASSENGERS—NEGLIGENCE—JURY QUESTION.

The questions of negligence contributory negligence, and assumption of risk in a railroad passenger's action for personal injuries are for the jury, unless the evidence requires them to be decided as a matter of law.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1315–1325, 1346–1397, 1402; Dec. Dig. §§ 320, 347.*]

5. APPEAL AND ERROR (§ 301*) — REVIEW — PRESENTATION BELOW — MOTION FOR NEW TRIAL—EXCESSIVE DAMAGES.

In order to assign excessive damages as error in a personal injury action, that ground must have been assigned in the motion for new trial.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 301.*]

Appeal from District Court, Duval County; W. B. Hopkins, Judge.

Action by E. A. Wilson against the Texas Mexican Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

A. C. Hamilton, for appellant. S. H. Woods and Bertrand & Arnold, for appellee.

NEILL, J. This suit was brought by Wilson against the railway company to recover damages for personal injuries averred to have been caused on January 16, 1908, by the latter's negligence while he was a passenger on one of its trains.

The negligence alleged is that defendant caused the coach in which plaintiff was riding to be violently jerked and bumped about backward and forward in such manner as to cause him to reel and stumble, and the door of the car to be slammed against his left hand, whereby it and the third finger thereof were terribly mashed, bruised, and lacerated, the skin and flesh torn open, and the bone exposed and broken, disabling him from performing the regular duties of his employment and from earning money for the period of 60 days, during which time he suffered from his hand paining him, and that he still suffers and will continue to suffer great mental and physical pain from such injuries. The defendant answered by a general denial, pleas of contributory negligence, and assumed risk. The case was tried before a jury, which resulted in a verdict and judgment in favor of plaintiff for the sum of $1,700.

### Conclusions of Fact.

The evidence is reasonably sufficient to show the negligence and consequent injury and suffering alleged, and that plaintiff sustained the damages found by the jury; and that such negligence was the proximate cause of the injuries inflicted, unmixed with any negligence of plaintiff, and that he never assumed the risk of the cause of such injuries.

### Conclusions of Law.

1. That the train on which plaintiff took passage was what is known as a "mixed train," i. e., one made up of both freight and passenger cars, the former for the carriage of freight, and the latter for transportation of passengers, did not relieve the defendant from that high degree of care it owed plaintiff as a common carrier of passengers.

[1] As a general rule, it may be said that when a railroad company carries passengers on mixed trains it must exercise the same high degree of care for their safety as in other cases. The use of such a train for the carriage of passengers is voluntary by the railroad, in its own interest and for its convenience and profit. And it should not be permitted to lessen the degree of care the law imposes upon it as a carrier of passengers by carrying them in a train designed also for carriage of freight. In other words, it cannot mix its duty as a carrier of passengers with its duty as a carrier of freight by mixing its trains, and by such process produce a resultant such as to minimize the degree of care it owes to its passengers. In operating such a train, the highest practical degree of care must be exercised for the safety of the passengers consistent with the operation of trains of that nature. The absence of such degree of care is negligence, and renders the railroad liable to a passenger for injuries caused in consequence of it.

[2] It is true that, in considering the question of contributory negligence as to the passenger, the nature of such train and the mode of operation necessarily incident there-

to must be regarded in determining such issue. But this does not affect the duty of the railroad to provide for the safety of its passengers "as far as human foresight will go," in view of the nature of such train and its mode of operation.

[3] Nor does a passenger assume any risk consequent upon the failure of the carrier to perform such duty, but only such as extends beyond and lies outside of such duty after it is discharged by the carrier. G. H. & S. A. Ry. v. Patillo, 45 Tex. Civ. App. 572, 101 S. W. 493.

[4] All these questions—negligence, contributory negligence, assumed risk—are of fact to be determined by the jury, unless the state of the evidence is such that they must be decided as matters of law. It does not appear from the evidence as a matter of law that plaintiff's injuries were caused by an accident incident, common, and inevitable to the operation of a mixed train, nor from one of such dangers as plaintiff necessarily assumed in entering such a train. But the evidence was such as required the submission of the issues to the jury. Hence the court did not err in refusing a new trial upon the ground that the verdict is against the preponderance of the evidence on such issues, as is complained in the first assignment.

[5] 2. The second assignment complains that the verdict is excessive and without evidence to support so large a sum. Before such an error assigned can exist, it must appear from the record that a motion for a new trial upon the ground embodied in the assignment was made by the defendant, for unless it was made it could not have been overruled. Hence there could be nothing to predicate an error upon. The record discloses no such ground for a new trial. But we will say here that a careful consideration of the testimony upon the question as to the excessiveness of the verdict induced us to the conclusion, expressed in our conclusions of fact, that it is sustained by the evidence. There is no error in the judgment, and it is affirmed.